444 So.2d 976 (1983)
Lennart J. FERM, Mary Lou Garrison, and Karen L. Conway, Appellants,
v.
John M. SABA, Jr., and Marilyn M. Saba, Appellees.
No. 82-2821.
District Court of Appeal of Florida, Second District.
December 28, 1983.
Rehearing Denied February 16, 1984.
Richard V. Harrison, Sarasota, for appellants.
Richard E. Nelson and Omer S. Causey of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellee, John M. Saba, Jr.
OTT, Chief Judge.
Appellants appeal from an order granting appellees' motion for summary judgment. They also contend that the trial court erred in sua sponte awarding attorney fees of $43,500 to appellees under section 57.105, Florida Statutes (1981).
Appellants filed a two-count complaint, seeking: (1) a clear title to Lot 27, Block 18 of the Sarasota Beach Subdivision which is Gulf-front property on Siesta Key, and (2) to collect damages against appellee John Saba, Jr. ("Saba"), only for slander and disparagement of title.
In May, 1965, appellant Ferm acquired Lot 27. Appellees acquired Lot 6 of the Sarasota Beach Subdivision from Chester Newell and Lucia Newell in May, 1969. Lot 6 is located immediately upland of Lot 27. The Newells reserved a nonexclusive easement over Lot 6 for purposes of beach access. In July, 1969, the Newells executed *977 a quitclaim deed in favor of appellees, conveying any interest held by the Newells on property located between Lot 6 and the Gulf of Mexico. According to Chester Newell, it was appellees' attorney's idea to have the quitclaim deed drawn and executed. Apparently, appellees believed that Lot 27 had been completely submerged under the Gulf of Mexico, reappeared, and that, therefore, title to Lot 27 could have accreted to the record owners of Lot 6.[1] In November, 1969, the easement was modified, granting the Newells a nonexclusive easement over the southerly three feet of Lot 6 for purposes of ingress and egress to the waters of the Gulf. During the same month, appellees conveyed Lot 6 to Gene Stirling, Rebecca Stirling, and John Stirling by warranty deed. By quitclaim deed, appellees conveyed to the Stirlings their interest in the property between Lot 6 and the Gulf of Mexico. The aforementioned deeds and easements were recorded.
During 1979, appellant Ferm deeded Lot 27 to the joint names of the three appellants. Shortly thereafter, appellants' agent applied for a variance from Sarasota County Ordinance 79-03, which prohibits construction seaward of the Coastal Construction Control Line. At a hearing before the Board of County Commissioners, appellee Saba, who was elected to the Board in 1971, queried whether appellants had good title to Lot 27. He noted his ownership of the upland property prior to becoming a member of the Board and his recollection of complete submersion of Lot 27 at one time. The variance application was subsequently denied.
Prior to filing this lawsuit, appellants acquired quitclaim deeds from appellees' grantees as to any interest they held in property located seaward of Lot 6. Shortly after the suit was filed, appellant acquired quitclaim deeds from Chester Newell and Sun-Key Properties, Inc., as to any claims the easement holders might have over Lot 27 for purposes of ingress and egress to the Gulf of Mexico.
It should also be noted that considerable uncertainty existed among the bench, bar, and title insurance companies of Sarasota County, including appellee Saba's attorney, as to the title of coastal lands that had been at any time submerged under the waters of the Gulf of Mexico. There was even some reservation concerning whether or not the law of this subject was settled by this court in Kruse.
As previously mentioned, the trial court granted appellees' motion for summary judgment and awarded attorney fees of $43,500 to appellees. Although we do not disagree with the grant of summary judgment under the law of Kruse and the facts as developed by the parties' extensive pretrial discovery, we do find error in the award of attorney fees.
Section 57.105 provides for the award of attorney fees to the prevailing party if the court determines that there is a "complete absence of a justiciable issue" raised by the opposing party. An award of fees under this section is proper only where the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Appenfeldt v. Quinn, 399 So.2d 1026 (Fla. 2d DCA 1981). Because of the situation created by appellees, this lawsuit was not spurious and completely untenable. In fact, we believe that appellants chose the safest and perhaps only logical course of action to settle any lingering doubt as to the status of their ownership in Lot 27. We also note that even the question of whether appellee Saba slandered or disparaged the title to Lot 27 was not altogether frivolous. Appellees did not move for attorney fees prior to the trial court's sua sponte grant of such fees nor did they move to dismiss the suit for failure to state a cause of action. Given the facts of this case, we feel the trial court's sua sponte award of attorney fees under section 57.105 was unwarranted. Accordingly, the *978 award of attorney fees is hereby STRICKEN.
AFFIRMED as modified.
GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] See generally Kruse v. Grokap, Inc., 349 So.2d 788 (Fla. 2d DCA 1977), where another upland property owner in the Sarasota Beach Subdivision sought unsuccessfully to acquire title to seaward property by application of the doctrine of accretion.