483 So.2d 483 (1986)
Carl J. FLATLEY, D.D.S., and Carl J. Flatley, D.D.S., P.A., a Florida Professional Association, Appellants/Cross-Appellees,
v.
Garland L.S. FORBES, D.M.D., and Garland L.S. Forbes, D.M.D., P.A., a Florida Professional Association, Appellees/Cross-Appellants.
No. 85-795.
District Court of Appeal of Florida, Second District.
February 12, 1986.
*484 Peter P. Charnetsky, of Zimmerman, Moon & Charnetsky, Palm Harbor, for appellants/cross-appellees.
J. Paul Raymond, of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellees/cross-appellants.
FRANK, Judge.
Carl J. Flatley, D.D.S., and his professional association appeal from the trial court's summary judgment declaring a covenant not to compete void and unenforceable.
Dr. Flatley established and for several years operated a dental practice in Pasco County, Florida, and he simultaneously maintained a practice in Pinellas County, Florida. On May 1, 1983, he and his professional association executed a contract with Garland L.S. Forbes, D.M.D., and his professional association for the sale and purchase of Flatley's Pasco County practice, its properties and assets. The agreement called for an initial cash payment, with the balance of the $275,000.00 purchase price payable in monthly installments. The contract contained a covenant expressly barring Forbes from practicing endodontic dentistry in Pinellas County for a period of five years. The sale and purchase were completed in accordance with the contract.
The dispute at hand arose in 1985 when Forbes communicated to Flatley an intent to share office space on a one day per week basis with an oral surgeon in Pinellas County. Forbes' ultimate goal was to maintain an independent office in Pinellas County. Upon learning of Forbes' plan to practice in Pinellas County, Flatley filed a complaint seeking a declaratory judgment enforcing the anti-competition covenant. Forbes answered the complaint contending that the covenant was void and unenforceable by reason of section 542.33, Florida Statutes (1983). Forbes also sought the payment of attorney's fees he incurred in defending the action based upon the lack of a justiciable issue. Each party filed a motion for summary judgment. The trial court granted Forbes' motion and entered a final summary judgment finding the covenant void and unenforceable. Flatley appealed from the final judgment and Forbes cross appealed on the ground that he should have been awarded attorney's fees.
We find Forbes' cross appeal meritless. The discussion and analysis which follow disclose there is not "a complete absence of a justiciable issue... ." § 57.105, Fla. Stat. (1985). See Ferm v. Saba, 444 So.2d 976 (Fla. 2d DCA 1983). The remaining issue, which has not been passed upon in this District, is whether a covenant prohibiting the buyer of a business from competing with the seller is enforceable. We affirm the trial court.
Flatley contends that the common law will sustain enforcement of the covenant if it is reasonable. We disagree. At common law, contracts which hindered one's right to follow one's calling and support one's self and family were considered invalid as against public policy. Flammer v. Patton, 245 So.2d 854, 857 (Fla. 1971); Orthopedic Equipment Co. v. Streetman and Associates, Inc., 390 So.2d 134, 136 (Fla. 5th DCA 1980). The common law *485 doctrine existed in Florida until the enactment in 1953 of section 542.12 (renumbered in 1980 as section 542.33). In an effort to overcome the effect of section 542.33, Flatley asserts, in reliance upon Pensacola Associates v. Biggs Sporting Goods Company, 353 So.2d 944 (Fla. 1st DCA 1978), that the instant covenant should be enforced because it was (1) ancillary to a valid contract, (2) necessary to protect his enjoyment of contract benefits, and (3) not primarily intended to restrain competition. Id. at 946, n. 2. We do not question that the clause was ancillary to the contract to sell Flatley's Pasco County dental practice. Flatley, however, had no tangible benefits stemming from the contract affecting only the Pasco County practice to protect by barring Forbes from practicing in Pinellas County. We reject as makeweight Flatley's contention that Forbes' professional activities in Pinellas County would adversely affect his ability to satisfy payment of the monthly obligation called for in the purchase agreement. If Forbes defaulted in his payments, Flatley had an adequate judicial remedy. The obvious and sole purpose of the covenant was to exclude Forbes from competing with Flatley in Pinellas County. Thus, a fundamental difference exists between the matter at hand and one in which the seller of the assets and goodwill of a business promises as part of the consideration received from the sale to forbear from competing with the buyer. In the latter circumstance, the buyer is entitled to the full benefit of the bargain, i.e. the preservation of customers and the ability to enter the field of competition unimpaired by the adverse influence of the seller's mercantile presence. West Shore Restaurant Corp. v. Turk, 101 So.2d 123, 128 (Fla. 1958). That reasoning, however, is not applicable to the setting in which the buyer agrees not to compete with the seller.
The Legislature embodied in section 542.33 the common law's abhorrence of contracts restraining competition: "[e]very contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void." § 542.33(1), Fla. Stat. (1983). The exception pertinent to this proceeding set forth in subsection (2)(a), however, is confined to restraining the commercial activities of the seller which in turn could impose economic detriment upon the buyer.[1] The exception does not encompass an agreement in which the buyer of a business agrees not to compete with the seller of the same business.
Flatley, with reference to Pensacola Associates and Herndon v. Eli Witt Co., 420 So.2d 920 (Fla. 1st DCA 1982), further urges the view that the statutory exceptions to the general prohibition of contracts restraining trade are not exclusive. We do not agree and reject any notion to that effect which may be extracted from the First District's decisions. In any event, apart from the absence of equitable considerations that could be urged to warrant application to the instant matter of the results reached in Pensacola Associates and Herndon, we are not willing to construct exceptions that would further undercut the common law principle. That is a matter coming wholly within the contemplation and action of the Legislature.
Accordingly, the trial court was eminently correct in granting Forbes' motion for summary judgment declaring the covenant not to compete void and unenforceable.
GRIMES, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] The relevant statutory exception provides as follows:

(2)(a) One who sells the good will of a business, or any shareholder or a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction. § 542.33(2)(a), Fla. Stat. (1983).