519 So.2d 59 (1988)
Hilde W. BRINSON, Appellant,
v.
CREATIVE ALUMINUM PRODUCTS, INC., Appellee.
No. 87-773.
District Court of Appeal of Florida, Second District.
January 27, 1988.
Gardner W. Beckett, Jr. of Nelson, Beckett & Nelson, St. Petersburg, for appellant.
William L. Penrose, St. Petersburg, for appellee.
SCHOONOVER, Judge.
The appellant, Hilde W. Brinson (Brinson), appeals a final summary judgment *60 entered in favor of the appellee, Creative Aluminum Products, Inc. (Creative). We find that the trial court erred in assessing attorney's fees against Brinson, but we affirm in all other respects.
Brinson and Creative entered into a contract for improvements to Brinson's homestead. When a dispute arose over the parties' obligations under the contract, Creative filed an action in the county court and recovered a judgment against Brinson. Brinson resisted Creative's attempts to execute on its judgment by filing an affidavit claiming her homestead was not subject to forced sale. In response, Creative filed an action in circuit court to have the homestead status of the property determined. Brinson answered Creative's complaint and filed an affirmative defense claiming that certain of the sums included in the county court judgment should not be considered an obligation contracted for the improvement of her property so as to remove it from the constitutional protection against forced sale. The trial court entered a summary judgment in favor of Creative and awarded Creative $1275 in attorney's fees pursuant to section 57.105, Florida Statutes (1985), after finding that there was a complete absence of a justiciable issue of either law or fact raised by Brinson. This timely appeal followed.
Although we find no merit in Brinson's contention that the trial court erred in holding that her homestead property is subject to forced sale in order to satisfy the county court judgment, we do find that the court erred in awarding attorney's fees to Creative pursuant to section 57.105. Attorney's fees may only be awarded pursuant to that statute when the action brought or the defense raised is so clearly devoid of merit both on the facts and the law as to be completely untenable. Ferm v. Saba, 444 So.2d 976 (Fla. 2d DCA 1983). The legal issues surrounding the defense raised in this case are not so clear as to make Brinson's defense frivolous or completely untenable. We, accordingly, reverse and remand with instructions to strike that portion of the judgment which awarded attorney's fees to Creative. We affirm the judgment in all other respects.
Reversed and remanded with instructions.
DANAHY, C.J., and THREADGILL, J., concur.