WELLS, Judge.
National Union Fire Insurance Company appeals an $8,289,794.66 judgment in Texpac Group N.V. and Papertech Corporation’s (collectively Papertech) favor, claiming that its insurance policy provides no coverage for the losses recovered. We agree and reverse.
Papertech and Texpac are joint ventur-ers in the manufacture of paper products. In 1998, Papertech hired ATP, a Spanish company, to design and install an updated “wet” end to its New Hampshire mill.[1] Within weeks of this upgrade, Papertech discovered serious defects in ATP’s design and installation and after many months of attempting to resolve the deficiencies, finally shut the plant down.
Papertech sued ATP, which it claims is underinsured and insolvent, and filed a claim with National Union. After National Union denied coverage, Papertech sought declaratory relief and ultimately recovered its economic losses under the “ensuing loss exception” to the “design defect exclusion” of National Union’s policy. Because the ensuing loss exception provides no coverage for Papertech’s economic losses, we reverse.
National Union’s policy is an “all risk” policy that insures against physical loss of or damage to covered property. Although this policy states that it covers all risks, it does not cover all losses and expressly excludes a number of risks from coverage:

PERILS INSURED AGAINST

This policy insures against all risk of physical loss of or damage to property described herein ... except as excluded.
See also Costabile v. Metropolitan Property and Cas. Ins. Co., 193 F.Supp.2d 465, 477 (D.Conn.2002) (“All-risk policies ... are not all loss’ policies-rather, all-risk policies ... often contain express written exclusions”). Among the risks not insured against, or not covered, by this policy, is the cost of making good defective design or specifications:

PERILS EXCLUDED

This policy does not insure:
[[Image here]]
D. against the cost of making good defective design or specifications....
Papertech did not, in fact, seek to recover, nor did it recover, the cost of repair or replacement of the wet end of its plant. This loss, concededly, was precluded by the defective design exclusion. Papertech sought instead to recover and recovered for its business interruption and extra expense losses from the plant shut-down under the second clause of the defective design exclusion, the ensuing loss exception to the design defect exclusion:
[This policy does not insure] ... against the cost of making good defective design or specifications ...; however, this exclusion shall not apply to loss or damage resulting from such defective design or specifications....
(Emphasis added).
This provision does not, however, provide coverage for Papertech’s business interruption and extra expense losses. Typically, business interruption and related coverage in a property insurance policy *302 limits protection to interruption of business “which is caused by property loss or damage which was itself produced by a peril covered in the property protection provisions.” 11 Couch on Insurance 3d, § 167:12 (1998 ed.). That certainly is true here:

COVERAGE

Except as hereinafter excluded, this policy covers:
A. Real and Personal Property
* * *
B. Business Interruption
(1) Loss resulting from necessary interruption of business ... caused by loss ... covered herein ... to real and personal property ....
[[Image here]]
D. Extra Expense
(1) Extra Expense incurred resulting from loss ... covered herein ... to real or personal property ....
(Emphasis added).
Under the clear and unambiguous terms of this policy, business interruption and extra expense losses are covered only if “resulting from” damage or destruction of real or personal property caused by a covered peril. Since defective design or specifications are not perils covered by this policy, economic damage or loss resulting from these causes are excluded from coverage as well.[2]-
In Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 167 (Fla.2003), the Florida Supreme Court confirmed that an ensuing loss exception is not applicable if the ensuing loss is directly related to the original excluded risk. According to the Florida Supreme Court “[t]o hold otherwise would be to allow the ensuing loss provision to completely eviscerate and consume the design defect exclusion.”[3] Id. at 168. Here, damage to Papertech’s real or personal property, and consequently the business interruption and extra expense for which Papertech sought recovery were directly related to the wet end design defect and thus directly stem from an excluded risk. Thus, coverage was excluded under the express terms of the insurance contract. Heeding the warning in Swire, to conclude otherwise would allow the insurance contract to turn into a “guarantee against design ... defects.” Swire, 845 So.2d at 168.
Accordingly, the judgment in Paper-tech’s favor is reversed and the case is remanded for entry of final judgment in National Union’s favor.
Reversed and remanded.
FLETCHER and WELLS, JJ., concur.

. This is the portion of the mill where raw materials and waste paper are pulped (shredded and mixed with water) and sprayed onto a rolling felt belt for water extraction before drying, cutting and packaging.

. Here, the record is clear that the business interruption which formed the basis of Paper-tech’s claim resulted from the excluded peril of the "wet” end’s disastrous design, and not the minimal and concomitant alleged "breakage of ... [a] felt belt” or "damage to ... cylinder moulds.” See GTE Corp. v. Allendale Mutual Ins. Co., 372 F.3d 598, 616 (3d Cir.2004)(observing that insured could not recover for "just any ensuing or resulting business loss-the underlying peril resulting in business interruption must be covered”); Montefiore Med. Center v. Am. Protect. Ins., 226 F.Supp.2d 470, 479-80 (S.D.N.Y.2002)(observing that "[a]n ensuing loss provision does not cover loss caused by the excluded peril, but rather covers loss caused to other property wholly separate from the defective property itself.”)

. In reaching this conclusion, the Court noted with approval a case in which the exclusion and exception were virtually identical to the instant exclusion and exception. See Laquila Construction, Inc. v. Travelers Indemnity Co. of Illinois, 66 F.Supp.2d 543, 544 (S.D.N.Y. 1999) (involving a policy excluding the “[cjost of making good faulty or defective workmanship or material”).