929 So.2d 723 (2006)
Jose O. HENAO, Appellant,
v.
PROFESSIONAL SHOE REPAIR, INC. and Luis A. Restrepo, Appellee.
No. 5D05-2348.
District Court of Appeal of Florida, Fifth District.
May 26, 2006.
*724 Mario A. Garcia, of Mario A. Garcia, P.A., Orlando, for Appellant.
Luis A. Gonzalez, of L.A. Gonzalez Law Offices, and Darren M. Soto of D. Soto Law Offices, P.A., Orlando, for Appellees.
PLEUS, C.J.
This appeal from an order granting a motion for judgment on the pleadings presents the question of whether a complaint which seeks enforcement of a covenant not to compete, executed by the buyer of a business in favor of the seller, states a viable cause of action. We hold that it does.
According to the amended complaint, Jose Henao and Luis Restrepo were in the business of repairing footwear. At one time, Henao and Restrepo were equal shareholders in Professional Shoe Repair, Inc. ("PSR"). PSR had a lucrative contract with Walt Disney World Company ("Disney contract"). In October 1999, Henao and Restrepo entered into a stock purchase agreement whereby Henao sold his 50% interest in PSR to Restrepo for $28,000. Under the terms of the stock purchase agreement, Restrepo, as buyer, assigned all rights, title and interest in the Disney contract to Henao, the seller.
The amended complaint continues that the Disney contract was assignable with Disney's consent and that Disney executed a new contract under the same terms and conditions as the previous one, substituting Henao's firm, Shoe Repair, USA, for PSR.
The stock purchase agreement included the following covenant not to compete at Article IV:
4.0 The Buyer [Restrepo] agrees that for a period of ten (10) years from the closing date, the Buyer will not engage, directly or indirectly, either as a principal, agent, proprietor, shareholder, director, officer, or employee, or participate in the ownership, management, operation, or control or have any interest of any nature whatsoever in any organization, incorporation, partnership, firm, or business engaged in footwear repairs and/or the sales of related accessories to Walt Disney World Company, or any other subsidiaries, or related entitles and corporations.
Henao alleges that the buyer, Restrepo, and PSR, breached this provision by soliciting and performing footwear repair services on behalf of Disney to his detriment. Henao included counts alleging breach of *725 the stock purchase agreement, intentional interference with an advantageous business and/or contractual relationship, and for injunctive relief.
The defendants convinced the trial court that the covenant not to compete is void and unenforceable against Restrepo as an illegal restraint of trade.

Standard of Review
The standard of appellate review of a decision to grant a motion for judgment on the pleadings is de novo. Syvrud v. Today Real Estate, Inc., 858 So.2d 1125, 1129 (Fla. 2d DCA 2003). A motion for judgment on the pleadings is governed by the same legal test as a motion to dismiss for failure to state a cause of action. Domres v. Perrigan, 760 So.2d 1028 (Fla. 5th DCA 2000).

Florida Law Governing Enforcement of Non-Compete Covenants
This case presents a somewhat atypical covenant not to compete situation  one in which the buyer of a business, as opposed to the seller, agrees not to engage in any business with one of the clients of the business, whom the parties agreed the seller could retain for himself. The defendants argue that the decision in Flatley v. Forbes, 483 So.2d 483 (Fla. 2d DCA 1986), holds that under section 542.33, Florida Statutes (1983), a covenant prohibiting the buyer of a business from competing with the seller is unenforceable.
Flatley involved the sale of a Pasco County dental practice owned by Dr. Flatley to Dr. Forbes. The contract contained a covenant expressly barring Dr. Forbes from practicing, for five years, dentistry in Pinellas County where Dr. Flatley continued to practice dentistry. Upon learning of Dr. Forbes' plan to develop a practice in Pinellas County, Dr. Flatley filed a complaint seeking a declaratory judgment enforcing the anti-competition covenant. Dr. Forbes countered that the covenant was void and unenforceable by reason of section 542.33, Florida Statutes, and the trial court agreed, entering summary judgment in favor of Dr. Forbes.
The Second District affirmed. The court began by explaining that "at common law, contracts which hindered one's right to follow one's calling and support one's self and family were considered invalid as against public policy." 483 So.2d at 484. Indeed, section 542.18, Florida Statutes (1983), stated (and continues to state) the general rule in Florida that contracts in restraint of trade are unlawful. The court then noted that section 542.33 provides for recognition of a limited class of covenants not to compete. While in certain situations, the seller of a business may agree, as part of the consideration for the transaction, not to compete with the buyer, section 542.33[1] did not recognize agreements whereby the buyer agrees not to compete with the seller. Id. at 485. The court stated that:
a fundamental difference exists between the matter at hand and one in which the *726 seller of the assets and goodwill of a business promises as part of the consideration received from the sale to forebear from competing with the buyer. In the latter circumstance, the buyer is entitled to the full benefit of the bargain, i.e. the preservation of customers and the ability to enter the field of competition unimpaired by the adverse influence of the seller's mercantile presence [citation omitted]. That reasoning, however, is not applicable to the setting in which the buyer agrees not to compete with the seller.
483 So.2d at 485.
The Flatley court continued:
We are not willing to construct exceptions that would further undercut the common law principle. That is a matter coming wholly within the contemplation and action of the Legislature.
Id.
The Flatley decision thus is based on a literal reading of section 542.33(1) that all restraints of trade are illegal and unenforceable unless clearly within the narrow exceptions contained in subsections (2) and (3). Section 542.33, however, was repealed with respect to restrictive covenants entered into or having an effective date on or after July 1, 1996, as a result of enactment, in 1996, of section 542.335, Florida Statutes, entitled "Valid restraints of trade or commerce." Since the agreement containing the covenant not to compete here was entered into in 1999, section 542.335 and not section 542.33, applies in considering its enforceability. See generally, Cooper v. Thomas Craig & Co., LLP, 906 So.2d 378 (Fla. 2d DCA 2005).
Section 542.335 contains a comprehensive framework for analyzing, evaluating and enforcing restrictive covenants in Florida based on an "unfair competition" analysis. See John A. Grant & Thomas Steele, Restrictive Covenants: Florida Returns to the Original "Unfair Competition" Approach to the 21st Century, 70 Fla. B.J. 53, 53-56 (Nov. 1996). According to this review, co-authored by the legislation's Senate sponsor, the term "restrictive covenants" includes all contractual restrictions upon competition, such as noncompetition/nonsolicitation agreements, confidentiality agreements, exclusive dealing agreements, and all other contractual restraints of trade. Id. at 54. Section 542.335 is broadly "aimed at making enforcement of bona fide restrictive covenants easier and more certain." Id. at 55.
In contrast to section 542.33(1), which provides that, except to the extent authorized in subsections 542.33(2) and (3), all restraints of trade are illegal and unenforceable, section 542.335(1) provides:
Notwithstanding s. 542.18 and subsection (2), enforcement of contracts that restrict or prohibit competition during or after the term of restrictive covenants, so long as such contracts are reasonable in time, area, and line of business, is not prohibited....
This language provides broad general authority for enforcement of restrictive covenants though section 542.335 contains several additional prerequisites to enforceability: that the restrictive covenant be set forth in a writing signed by the person against whom enforcement is sought, and that the restraint be shown to be reasonably necessary to protect the "legitimate business interests" justifying the restriction. In using the phrase "legitimate business interests" the legislature rejected the "contract approach" to enforcement of contractual restrictions on competition. Grant & Steele, p. 54. That approach had abandoned the original "unfair competition" theory of enforcement and ignored the protection of legitimate business interests. Id. In adopting the "legitimate business *727 interests" standard, the Legislature took the view that "if the proponent of the restriction demonstrates that the restraint is reasonably necessary to protect one or more `legitimate business interests' then, absent a strong defense, the court must accord such interest or interests an appropriate measure of protection." Id. at 54.
Subsection 542.335(1)(d) additionally creates certain rebuttable presumptions in determining the reasonableness in time of a restrictive covenant not predicated upon the protection of trade secrets:
3. In the case of a restrictive covenant sought to be enforced against the seller of all or a part of:

a. The assets of a business or professional practice, or

b. The shares of a corporation, or
c. A partnership interest, or
d. A limited liability company membership, or
e. An equity interest, of any other type, in a business or professional practice,
a court may presume reasonable in time any restraint 3 years or less in duration and shall presume unreasonable in time any restraint more than 7 years in duration.
(Emphasis added).
Subsection(1)(d) 3 references a restrictive covenant "sought to be enforced against the seller" of a business or shares of a corporation but contains no corresponding provision dealing with enforcement against the buyer. Does this omission indicate a legislative intent that Flatley survive enactment of section 542.335 and that restrictive covenants remain unenforceable against the buyer of a business?
We conclude that the answer is no. A restrictive covenant which otherwise satisfies the dictates of the statute is not unenforceable because it constitutes a restraint on the buyer of a business or shares of a corporation. As noted above, unlike section 542.33, section 542.335(1) is expansive in scope. Section 542.335(1)(h) specifically provides:
A court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement. A court shall not employ any rule of contract construction that requires the court to construe a restrictive covenant narrowly, against the restraint, or against the drafter of the contract.
A "legitimate business interest" includes "substantial relationships with specific prospective or existing customers ...." § 542.335(1)(b)3.
A valid restrictive covenant may be enforced by way of temporary and permanent injunctive relief. § 542.335(1)(j). A violation of an enforceable restrictive covenant creates a presumption of irreparable injury. Id.

This Case
According to the amended complaint, the buyer, Restrepo, agreed for a period of ten years not to engage in the footwear repair business with Disney, an existing customer retained by the seller pursuant to the terms of the agreement. Restrepo and PSR allegedly breached this provision by soliciting and performing services for Disney which Henao would have performed. These allegations adequately allege the existence of a legitimate business interest and breach of the restrictive covenant. Accordingly, Henao has stated a cause of action for enforcement pursuant to section 542.335.
The defendants point out that paragraphs 4.3 and 4.4 of the stock purchase agreement actually grant to the defendant *728 buyer, Restrepo, the power to enforce the covenant not to compete and do not grant such right to the plaintiff seller:
4.3 Buyer and Seller acknowledge that this covenant was separately bargained for and is independent of any other provision of this Agreement, and the existence of any claim or cause of action by Seller against Buyer shall not constitute a defense to the enforcement by Buyer of this covenant.
4.4 Should the Buyer breach this covenant, the Buyer shall be entitled to an immediate temporary injunction without notice or bond and such other relief as may be appropriate under the circumstances. Seller agrees that this provision is reasonable in area and time limitations and is necessary to protect the Buyer. The right to an injunction is cumulative to damage, claims and all other rights of Buyer for breach of this covenant.
(Emphasis added).
We agree with the plaintiff that the parties were erroneously designated in these two provisions. It is otherwise evident from the agreement that the parties intended to restrict the defendants, Restrepo and PSR, from engaging in business with Disney. Even if the agreement is internally ambiguous, a factual issue is raised which could not be resolved by entry of judgment on the pleadings.
The agreement clearly bars the defendants, Restrepo and PSR, from competing for Disney's business. While the remedy language erroneously gives to the buyer the right to injunctive relief in the event of a breach of the covenant, this error is not fatal to the plaintiff's claim since subsection 542.335(1)(j) expressly and independently authorizes injunctive relief to enforce a valid restrictive covenant.
The defendants challenge the assignment of the Disney contract to the plaintiff's firm, Shoe Repair, USA, claiming the contract was never assigned. The amended complaint, however, alleges an assignment of contract rights and the stock purchase agreement recites an assignment. A purchase order between Shoe Repair, USA and Disney, reflecting the name change in the shoe repair business is attached to the amended complaint.
The ten year duration of the noncompete provision seems problematic given that subsection 542.335(1)(d)3 provides that where a restrictive covenant is sought to be enforced against the seller of a business or the shares of a corporation, a restraint of more than seven years duration is presumed unreasonable. Certainly a buyer should be in no better position than a seller in this regard. However, subsection (c) provides that "If a contractually specified restraint is over-broad, overlong, or otherwise not reasonably necessary to protect the legitimate business interest or interests, a court shall modify the restraint and grant only the relief reasonably necessary to protect such interest or interests." Given an otherwise valid and enforceable covenant not to compete, the trial court could reduce the ten year time period. Indeed, because the purchase order between Shoe Repair, USA, and Disney provided for their agreement to run from October 1, 1999, to September 30, 2002, it could be argued that the plaintiff's "legitimate business interest" expired on the latter date.
Finally, the basis for entry of judgment on the pleadings as to the count alleging intentional interference with an advantageous business relationship is that the restrictive covenant in the agreement is unenforceable. Because the restrictive covenant is viable, this count states a cause of action, particularly since it alleges the existence of a contract, the defendants' *729 knowledge of the contract, an intentional and unjustified interference with the contract by the defendants, and resultant damages. See Gossard v. Adia Services, Inc., 723 So.2d 182 (Fla.1998).
The trial court erred in granting judgment on the pleadings. Under section 542.335, the noncompete agreement here is not an illegal restraint of trade.
REVERSED AND REMANDED.
PALMER and TORPY, JJ., concur.
NOTES
[1] Section 542.33 provided in relevant part:

(1) [E]very contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.
(2)(a) One who sells the good will of a business, or any shareholder or a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area....
This statute was amended in 1990 in aspects not relevant to the issue in this appeal.