[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12285
Non-Argument Calendar
_____

D. C. Docket No. 04-00105-CV-RLH-1

ANTHONY RAY PIERCE,

Plaintiff-Appellant,

versus

TARGET STORES, INC.,

Defendant,

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 18, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Ray Pierce appeals the order of the district court granting summary judgment for Target Stores, Inc. Pierce worked for nine years at a Target distribution center in Tifton, Georgia. On September 30, 2002, he submitted an anonymous complaint to the corporate headquarters of Target in which he stated that his supervisor, Dennis Thibault, had a "double standard for whites and blacks." In mid-November, Pierce told Thibault he had sent the complaint. On May 29, 2003, Pierce was fired for "gross misconduct" after a confrontation with Thibault. Pierce filed a complaint in federal district court under Title VII of the Civil Rights Act of 1866, 42 U.S.C. § 1981, in which he alleged that he was terminated in retaliation for submitting the complaint to corporate headquarters.

After reviewing the record and the arguments of both parties, we find no error in the order of the district court. Target filed an extensive statement of material facts as to which there is no genuine issue to be tried, and Pierce filed no response. Under Local Rule 56 of the United States District Court for the Middle District of Georgia, "[a]ll material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate." Pierce served no interrogatories, requests for production of documents, or requests

2

for admissions, deposed no person, and failed to provide initial disclosures.

The district court correctly concluded that Pierce failed to make a prima facie showing of retaliation, as required under the first step of the McDonnell Douglas burden-shifting test.  See McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Pierce received 15 productivity warnings, counselings, and disciplines, both oral and written, for violating company rules between April 16, 2002, and his termination on May 29, 2003.  His offenses included being away from his work area, being disruptive in meetings, failing to complete his work, taking extended breaks, refusing to perform work, poor attendance, and failing to communicate barriers to meeting production goals. Pierce was fired six months after he told Thibault he had sent the complaint, and in the absence of any other causal evidence, a six-month gap cannot, by itself, establish that Pierce was fired because of the complaint.  See Higdon v. Jackson, 393 F.3d 1211, 1220-21 (11th Cir. 2004); cf. Clark County School District v. Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001).

**AFFIRMED.**