# Third District Court of Appeal

## State of Florida

Opinion filed November 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2131
Lower Tribunal No. 12-15914
_____

**Beatriz Buade,**
Appellant,

vs.

**Terra Group, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Sharp Law Firm, P.A., and Christopher C. Sharp (Fort Lauderdale), for appellant.

Greenberg Traurig, P.A., and Ronald M. Rosengarten, for appellee.

Before SUAREZ, FERNANDEZ and SCALES, JJ.

FERNANDEZ, J.

Appellant Beatriz Buade appeals the trial court's final order granting appellee Terra Group, LLC's (Terra) motion for judgment on the pleadings or in the alternative for directed verdict. Upon review of the record, we affirm.

BACKGROUND

From October 2004 to the date of her termination on December 10, 2010, Buade was employed by Terra as a contract administrator and was promoted to customer service supervisor. In her supervisory role, Buade alleges that, beginning on or about August 1, 2005, Terra employee, Carlos Hollender, began refusing to comply with Buade's instructions related to his employment, and she later claimed that Hollender was sexually harassing her. In 2010, Buade was terminated by Terra; she alleges that her termination was a result of her complaints regarding her perceived discrimination. The following timeline of events begins with Buade's initial report of insubordination and concludes with her termination:

- At some point between 2005 and 2006, Buade began to report Hollender's noncompliance to her supervisor, Michael Piazza. Piazza reassigned Hollender for a period of two and a half months, after which time Hollender returned to Buade's department and remained insubordinate.

- For the first time, in early 2007, Buade informed Piazza that Hollender was sexually harassing her in the workplace and continued to report the alleged sexist treatment to Piazza over the next 3 years.

- On June 4, 2010, Buade sent an email to Piazza and copied Yelana Fernandez, Terra's head of human resources, stating that she believed that Hollender had a personal issue with women being in authoritative positions.

- On June 7, 2010, Piazza and another of Buade's supervisors determined that Hollender would work on his own from then on. Nevertheless, by September 2010, Hollender returned to working under Buade's supervision. Buade alleges that Hollender continued to harass her during that time. Buade claims that she continued to make Piazza aware of these incidents, but nothing further was done to deter or discipline Hollender for his actions.

- On December 10, 2010, Buade was terminated. Buade alleges that there were no legitimate non-discriminatory or non-retaliatory reasons for her termination and that she was ultimately terminated based on her sex.

On or about April 12, 2011, Buade filed an official Charge of Discrimination against Terra with the Florida Commission on Human Relations (FCHR) and with the Equal Employment Opportunity Commission (EEOC). The charge was limited to Hollender's alleged harassment, insubordination, and intimidation, and in the section of the charging document titled "Discrimination Based On," Buade checked only the box labeled "Sex,"[1] leaving the "Retaliation" box unchecked. On April 23, 2012, Buade filed a two-count complaint alleging a violation of section 760.10, Florida Statutes (2017), for sex discrimination (Count I) and retaliation

---

[1] In the section requesting the latest act of discrimination, Buade provided the date "December 8, 2010," without explanation or context. Below and on appeal, Buade incorrectly asserts that this was the date of her termination, as support for her argument that she exhausted her administrative remedies as to the retaliation claim. Buade's actual date of termination was December 10, 2010. Within the document, there is no reference to her termination that occurred the year before.

(Count II). As to the retaliation count, Buade asserts that her complaints regarding Hollender's treatment towards her in the workplace constitute protected activity under the Florida Civil Rights Act of 1992 and Title VII of the Civil Rights Act of 1964, as amended. On September 11, 2013, Buade dismissed her sex discrimination claim, leaving only her retaliation claim.

On May 13, 2014, during trial, Terra filed a motion for judgment on the pleadings or in the alternative for directed verdict arguing that Buade failed to exhaust her administrative remedies as to the retaliation claim. On August 12, 2015, after a hearing on the motion, the trial court granted Terra's motion and dismissed Buade's complaint with prejudice due to Buade's failure to exhaust her administrative remedies before filing suit. This appeal followed.

## ANALYSIS

The standard of review for an order granting a motion for judgment on the pleadings is *de novo*. Walker v. Figarola, 59 So. 3d 188, 190 (Fla. 3d DCA 2011). This is the same legal test that governs a motion to dismiss for failure to state a cause of action. Henao v. Prof'l Shoe Repair, Inc., 929 So. 2d 723, 725 (Fla. 5th DCA 2006).

Before a plaintiff files a Title VII action, he or she must exhaust all administrative remedies by filing a charge of discrimination with the EEOC. See Sanchez v. Standard Brands, Inc., 431 F. 2d 455, 460 (5th Cir. 1970). In order to

4

exhaust his or her administrative remedies, a plaintiff must include the factual bases for all of his or her Title VII claims in the charge. See Houston v. Army Fleet Servs., L.L.C., 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007). The Florida Civil Rights Act (FCRA) contains this same exhaustion requirement regarding retaliation claims. See § 760.11, Fla. Stat. (2011); Sheridan v. State, Dep't of Health, 182 So. 3d 787, 789 (Fla. 1st DCA 2016); Carter v. Health Mgmt. Assocs., 989 So. 2d 1258, 1262 (Fla. 2nd DCA 2008). To state a cause of action for retaliation under the FCRA, an employee must prove a *prima facie* case by showing: "(1) he engaged in a statutorily protected expression; (2) there was an adverse employment action; and (3) there was a causal connection between the participation in the protected expression and the adverse action." St. Louis v. Fla. Int'l Univ., 60 So. 3d 455, 460 (Fla. 3d DCA 2011).

First, Buade contends that it was not necessary for her to check off the box for "Retaliation" on her EEOC charge because the alleged retaliation would have reasonably been expected to have been discovered during an investigation of the sexual discrimination charge. However, retaliation is an entirely separate cause of action from a discrimination claim. See Wallin v. Minn. Dep't of Corrs., 153 F. 3d 681, 688 (8th Cir. 1998) ("[I]t is well established that retaliation claims are not reasonably related to underlying discrimination claims."). Retaliation is not "an integral part of an underlying discrimination claim, and, therefore, would not have

5

been encompassed in a reasonable investigation of plaintiff's charge of disability harassment." Williamson v. Int'l Paper Co., 85 F. Supp. 2d 1184, 1197 (S.D. Ala. 2000). And, if the alleged retaliation occurs before the EEOC charge is filed, the plaintiff is required to include factual information in the charge that indicates the basis of his or her retaliation claim. Houston, 509 F. Supp. 2d at 1042.

Here, Terra's alleged retaliation occurred before Buade filed her EEOC charge, so Buade was required to specifically include a factual narrative supporting her retaliation charge, which she did not do. Buade not only failed to indicate in the charge that she was terminated the year before, but also, that any adverse action was taken against her by her employer or that she was retaliated against in any way. The charge fails to make any connection between Buade's email complaint to Piazza on June 4, 2010 regarding Hollender's behavior and her termination more than six months later on December 10, 2010. All the charge claims is that Buade was subjected to sex discrimination but includes nothing about any retaliation, only denoting a date for Terra's last act of discrimination. Also, despite having adequate time and opportunity, Buade never amended the charge to include a claim for retaliation.

Additionally, no temporal proximity exists between when Buade complained via email to Piazza and when Buade was laid off. "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an

adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). In Pierce v. Target Stores, Inc., 206 Fed. Appx. 865, 866 (11th Cir. 2006), the court held that a six-month gap in between plaintiff's complaint to corporate headquarters and his termination was by itself insufficient to establish causality, and the courts in Richmond v. ONEOK, Inc., 120 F. 3d 205, 209 (10th Cir. 1997), and Hughes v. Derwinski, 967 F. 2d 1168, 1175-75 (7th Cir. 1992), also found a three and four-month gap, standing alone, to be insufficient. Here, Buade was terminated more than six months after emailing her last recorded complaint to Piazza.

Accordingly, we affirm the trial court's decision to grant Terra's motion for judgment on the pleadings or in the alternative for directed verdict.

Affirmed.