# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-0019, 3D21-123 & 3D21-124
Lower Tribunal No. 14-0944

_____


**IMC Group, LLC and
InterAmerican Medical Center Group, LLC,**
Appellants/Appellees,

vs.

**Outar Investment Company, LLC,**
Appellee/Appellant.


Appeals from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Herrera Law Firm, P.A., and Jose-Trelles Herrera, for appellants/appellees.

Hernandez Lee Martinez, LLC, and Jermaine A. Lee and Eric Hernandez, for appellee/appellant.


Before EMAS, LINDSEY, and HENDON, JJ.

PER CURIAM.

In these consolidated appeals, Outar Investment Company, plaintiff below, appeals a final summary judgment entered in favor of defendant below, InterAmerican Medical Center Group, LLC, on its claim for breach of contract and declaratory judgment. In turn, InterAmerican appeals final judgment on the pleadings on its claim for specific performance. Lastly, InterAmerican and non-party IMC Group, LLC appeal the trial court's denial of IMC Group's motion to substitute as a real party in interest or, alternatively, motion to intervene.[1] We affirm.

In 2013, InterAmerican contracted to purchase the commercial shopping center it was subletting from Outar. In exchange for $1.55 million, Outar agreed to deliver marketable title. In the event InterAmerican breached, the parties agreed that Outar could either terminate the contract and retain the deposit of $5,000 as liquidated damages or seek specific performance. After the parties failed to close, Outar filed suit against InterAmerican.

In its operative complaint, Outar asserted a claim for breach of contract for actual damages and declaratory judgment that the liquidated damages

---

[1] "An order denying a motion to intervene is final as to the movant and appealable by the movant." F.Y.E.S. Holdings, Inc. v. House Golden Rule, LLC, 46 Fla. L. Weekly D1157 (Fla. 3d DCA May 19, 2021).

provision of $5,000 was unconsciously low and therefore unenforceable.[2]

In its operative answer, InterAmerican asserted a compulsory counterclaim for specific performance. However, the counterclaim did not expressly state that Outar had breached.

In 2014, InterAmerican moved for summary judgment on Outar's complaint. At the hearing, the trial court noted that the only issue for it to resolve was whether the liquidated damages provision was enforceable, stating:

> There's a clause in the contract that provides for remedies upon a buyer defaulting or not going forward with the contract that provides for either payment of the deposit of $5,000.00 or specific performance . . . . And the Defendant, at this point, has admitted that Plaintiff may seek specific performance. So, the issue is, is the $5,000.000 a penalty—well, not is it a penalty, but is it unconsciably low?

Both parties assented to the trial court's recitation of the issue. The trial court held that the provision was not unconscionable and entered final summary judgment in favor of InterAmerican.[3]

---

[2] Outar initially sought damages *and* specific performance. But after InterAmerican amended its answer to the complaint and admitted Outar was entitled to specific performance, Outar amended its complaint and dropped its claim for specific performance.

[3] Outar appealed the trial court's ruling which this Court dismissed as premature because InterAmerican's counterclaim was pending below. Outar Inv. Co., LLC v. InterAmerican Med. Ctr. Grp., LLC, 300 So. 3d 617 (Fla. 3d DCA 2019).

3

In 2019, IMG Group moved to substitute as the real party in interest or to intervene pursuant to a 2016 assignment agreement with InterAmerican. There is no transcript of that hearing for our review.

Then in December 2020, the trial court held a hearing on Outar's motion for judgment on the pleadings on InterAmerican's counterclaim for specific performance. The trial court granted the motion because InterAmerican's counterclaim failed to allege that Outar had breached. The parties all timely appealed.

We affirm without further discussion the trial court's order granting summary judgment in favor of InterAmerican. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.").

We also affirm the trial court's order granting Outar judgment on the pleadings on InterAmerican's counterclaim for specific performance because it failed to allege a breach. "The standard of review for an order granting a motion for judgment on the pleadings is de novo. This is the same legal test that governs a motion to dismiss for failure to state a cause of action." Buade v. Terra Grp., LLC, 259 So. 3d 219, 222 (Fla. 3d DCA 2018) (citations omitted). "Upon a breach of contract by the buyer on his contract to

4

purchase land, the seller generally has two alternative remedies available: 1) he may sue to compel specific performance and, as an incident to such relief, may be awarded damages for the injuries he has suffered or 2) he may retain the property and sue for breach of contract." Frank Silvestri, Inc. v. Hilltop Devs., Inc., 418 So. 2d 1201, 1203 (Fla. 5th DCA 1982). To assert either claim, a buyer must adequately plead: "(1) a valid contract; (2) a material breach; and (3) damages." Friedman v. New York Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008). The record before us clearly demonstrates that InterAmerican failed to allege a breach, so its counterclaim for specific performance fails as a matter of law.

Lastly, because there is no transcript for our review, we cannot say that the trial court abused its discretion in denying IMC Group's motion to intervene. See Charry v. Torres, 263 So. 3d 238 (Fla. 3d DCA 2019); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.").

Affirmed.