# Third District Court of Appeal
## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1264
Lower Tribunal No. 21-16874 CA-01
_____

**Fontainebleau Florida Hotel LLC, et al.,**
Appellants,

vs.

**Westchester Surplus Lines Insurance Company, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Crabtree & Auslander, LLC, John G. Crabtree, Charles M. Auslander, Linda A. Wells and Brian C. Tackenberg, for appellants.

Finazzo Cossolini O'Leary Meola & Hager, LLC, Brandon L. Sipple, and Jeremiah L. O'Leary (Morristown, NJ); Zelle LLP, and Christine M. Renella (Fort Lauderdale), Marshall Dennehey P.C., Kimberly Kanoff Berman and Michael A. Packer (Fort Lauderdale); Wiggin and Dana, LLP, and Jonathan M. Freiman (New Haven, CT); Dentons US LLP, Angel A. Cortiñas and Jonathan H. Kaskel; Mound Cotton Wollan & Greengrass LLP, Wayne R. Glaubinger, Jared K. Markowitz (New York, NY), Perry R. Goodman and William D. Wilson (Ft. Lauderdale); Fields Howell, LLP, Armando P. Rubio and Marshall N. Lahiff; Carlton Fields, P.A., Steven J. Brodie, Heidi Hudson Raschke and Andrew K. Daechsel; Phelps Dunbar

LLP, Patricia A. McLean (Tampa), Christy M. Maple (Raleigh, NC) and Jay R. Sever (New Orleans, LA); Goodman McGuffey, LLP, and Robert M. Darroch (Sarasota); Cozen O'Connor, and Alexandra J. Schultz (Boca Raton); Kennedys CMK LLP and Jedidiah Vander Klok; Hinshaw & Culbertson, LLP, Rory Eric Jurman, Jenelle E. La Chuisa, James H. Wyman and Sarah Hafeez (Fort Lauderdale); DLA Piper LLP (US), and J. Trumon Phillips (Tampa), and Brett D. Solberg (Houston, TX), for appellees.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

Fontainebleau Florida Hotel, LLC and its related entities[1] ("Business Owners") appeal a final judgment dismissing their claims on the pleadings in favor of Westchester Surplus Lines Insurance Company and others ("Insurers").  We have jurisdiction.  Fla. R. App. P. 9.030(b)(1)(A).  We affirm.

**I.**

In the underlying declaratory judgment action, the Business Owners sought a determination of whether their losses during the COVID-19 pandemic were covered under the Business Interruption provision of their insurance policies.  They filed notices of loss, claiming revenue losses from the necessary suspension of their business operations.  The Insurers denied

---

[1]  Amnesia International, LLC; Beverly Street Hotel IB, LLC; TB Beverly Street Manager LLC; TB Isle Resort LP d/b/a JW Marriot Miami Turnberry Resort and Spa; Fontainebleau Development LLC; Nashville Downtown Hotel LLC; Turnberry Airport Holdings LLC; South Florida Aviation Investments, Inc.; 831 Federal Highway Acquisition LLC d/b/a The Big Easy.

coverage, asserting the Business Owners failed to identify any "direct physical loss" or property damage.

The Business Owners filed the underlying action, arguing the plain language of the policy provides coverage for Business Interruption expenses without requiring "direct physical loss." The Insurers moved for judgment on the pleadings. After a hearing, the trial court granted judgment in favor of the Insurers, finding the losses were not covered because the Business Interruption clause at issue required "direct physical loss" or damage to property. This appeal followed.

## II.

"The standard of review for an order granting a motion for judgment on the pleadings is *de novo*." Buade v. Terra Grp., LLC, 259 So. 3d 219, 222 (Fla. 3d DCA 2018).[2]  "This is an issue of insurance policy construction, which is a question of law subject to de novo review." Auto-Owners Ins. Co. v. Pozzi Window Co., 984 So. 2d 1241, 1246 (Fla. 2008).

---

[2]  "A motion for judgment on the pleadings is governed by the same legal test as a motion to dismiss for failure to state a cause of action." Henao v. Pro. Shoe Repair, Inc., 929 So. 2d 723, 725 (Fla. 5th DCA 2006).

**III.**

On appeal, the Business Owners argue the plain language of the Fontainebleau and Turnberry policies provides for Business Interruption coverage in the absence of a direct physical loss. We disagree.

"Florida law provides that insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). "[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." Id. "Where the policy language is plain and unambiguous, no special rule of construction or interpretation applies, and the court should give the plain language in the contract the meaning it clearly expresses." N. Pointe Cas. Ins. Co. v. M & S Tractor Servs., Inc., 62 So. 3d 1281, 1282 (Fla. 2d DCA 2011).

Here, the Business Interruption clause in the policies provides:

> COVERAGE. Except as hereinafter excluded, this policy covers the following . . .
>
> B. Business Interruption (1) Loss of business income resulting from necessary interruption of business conducted by the Insured, whether total or partial, and caused by loss, damage, or destruction

4

**covered herein** during the term of this policy to real and personal property as described in Clause 6.A.[3]

(emphasis and footnote added).

While the Business Interruption clause does not define the type of "loss" covered, the subsequent Perils Insured Against section provides:

> PERILS INSURED AGAINST.    This policy insures against all risk of **direct physical loss of or damage to property described herein** including general average, salvage and all other charges on shipments covered hereunder, except as hereinafter excluded.

(emphasis added).

The Business Interruption clause at issue limits coverage to business income losses from an interruption "caused by loss, damage, or destruction **covered herein** during the term of this policy to real and personal property." (emphasis added).  When read as a whole, the policy's plain language shows that the loss, damage or destruction "covered herein" refers to the Perils Insured Against provision, which explicitly requires "direct physical loss" or

---

[3]  Clause 6.A. and the identical Clause 7.A. in the Turnberry policy define property as "all real and personal property including but not limited to property owned, used, leased or intended for use by the Insured, or hereafter constructed, erected, installed, or acquired, including while in course of construction, erection, installation, and assembly.  In the event of loss or damage, this Company agrees to accept and consider the Insured as sole and unconditional owner of improvements and betterments, notwithstanding any contract or leases to the contrary."

property damage. Because the Business Interruption coverage here is tethered to the policy's definition of a covered peril in the Perils Insured Against provision, we find the Fontainebleau and Turnberry policies do not provide such coverage in the absence of "direct physical loss" or property damage. See State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 569 (Fla. 2011) ("In interpreting an insurance contract, we are bound by the plain meaning of the contract's text."); Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 165 (Fla. 2003) ("[T]his Court has consistently applied that insurance contracts must be construed in accordance with the plain language of the policy."); Commodore, Inc. v. Certain Underwriters at Lloyd's London, 342 So. 3d 697, 701 (Fla. 3d DCA 2022) ("It is firmly established that in interpreting insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.") (internal quotation marks and citation omitted); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Texpak Grp., N.V., 906 So. 2d 300, 301-02 (Fla. 3d DCA 2005) ("Typically, business interruption . . . coverage in a property insurance policy limits protection to interruption of business 'which is caused by property loss or damage which was itself produced by a peril covered in the property protection provisions.' That certainly is true here . . . Under the clear and unambiguous terms of this policy, business interruption . . . losses

6

[described as 'covered herein' in the Business Interruption provision] are covered only if 'resulting from' damage or destruction of real or personal property caused by a covered peril [in the Perils Insured Against section of the policy] . . . Thus, coverage was excluded under the express terms of the insurance contract." (quoting 11 Couch on Insurance 3d, § 167:12 (1998 ed.))); Prime All. Grp., Ltd. v. Hartford Fire Ins. Co., No. 06-22535-CIV, 2007 WL 9703576, at *4 (S.D. Fla. Oct. 19, 2007) ("At its most fundamental level, the insurance policy at issue here insures Plaintiffs against certain perils and provides coverage for certain categories of losses suffered by Plaintiffs as a result of perils . . . The main function of the policy is to 'cover' certain types of losses incurred by the insured as a result of perils, in effect promising to reimburse the insured for such losses. These covered losses are defined in the Coverage section in the Property Policy Form through a number of subheadings, each of which delineates a type of covered loss. Hence, the subheadings are concerned only with the losses that result from perils and do not purport to define the perils themselves. No matter how much Plaintiffs would like to believe that 'interruption . . . is a separately listed named peril,'

the structure and language of the policy, when read as a whole, says otherwise.") (citation and footnote omitted).[4]

Accordingly, we affirm the final judgment under review and find the dismissal of the underlying declaratory judgment action on the pleadings proper.

Affirmed.

---

[4] To the extent the Business Owners assert they were entitled to coverage under the Fontainebleau pollution policy, their failure to properly plead such entitlement prevents us from addressing this issue.